### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT C. BLOM, | ) | Case No. 21-04328 |
| | ) | Chapter 13 |
| Debtor. | ) | Hon. Donald R. Cassling |

### ASSET REMEDIATION, LLC'S OBJECTION
### TO THE CONFIRMATION OF DEBTOR'S PLAN

Asset Remediation, LLC, as assignee of Sound Royalties, LLC, holder of an assignment of music royalty receivables, and a secured creditor, by its attorney, Julia Jensen Smolka, objects to the confirmation of the debtor's plan on the following grounds:

1. Asset Remediation, LLC is the holder of an assignment of music royalty receivable for music that was composed by Debtor. Debtor assigned his interest in his royalty stream of income on March 6, 2020 in exchange for a lump sum payment. See the attached Declaration of Michael D'Amore as **Exhibit 1**.

2. Prior to the Petition Date, Debtor redirected the income stream from his royalties to himself, which was against the agreement and which violated Asset Royalty's property rights.

3. Debtor is then funding his chapter 13 plan with approximately $4,875.00 of funds which are the property of Asset Remediation and not property of the estate. Those monies comprise most of the Debtor's reported monthly income on schedule J.

4. Debtor also schedules Asset Remediation as an unsecured creditor, which it is in fact a secured creditor. Debtor is attempting to lien strip or otherwise change the property rights of Asset Remediation by scheduling and seeking to pay Asset Remediation only 10% of its claim.

5. That the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with the other applicable provision of said Title 11 in that:

    a. Asset Remediation is a secured creditor, and it has not accepted the plan;

    b. That Asset Remediation objects to the provisions of the proposed plan to the extent that they are inconsistent or in conflict with the terms of property and lien rights held by this creditor. Because the creditor holds a secured property interest in royalty payments/receivables for which Sound Exchange is the payment issuer, the plan may not change the creditor's rights. Currently, the Debtor's plan provides for payment of only 10% of Asset Remediation's balance, which is a fundamental revision of the payment that Asset Remediation is to receive under non-bankruptcy law.

    c. To the extent that Debtor is relying on creditor property or secured interests to fund his plan, the plan cannot be confirmed. The royalties are not property of the estate or debtor's property. Therefore, the plan is unfeasible.

    d. The Debtor has not proposed the plan in good faith. The Debtor has listed Asset Remediations' claim as being a general unsecured claim, when it is certainly not an unsecured claim. He describes the debt as being a "judgment", when no judgment has been entered against him. Debtor also has misdirected the royalty stream he had previously assigned to Asset Remediation, knowing that he could not successfully, legally do that under the agreement he signed.

6. That the foregoing prevents confirmation of the debtors' plan pursuant to 11 U.S.C. Section 1325.

WHEREFORE, Asset Remediation, LLC seeks denial of confirmation.

        Respectfully submitted,
        Asset Remediation, LLC

    By: /s/ Julia Jensen Smolka
        _____
        One of its attorneys

Julia Jensen Smolka
ARDC# 6272466
DiMonte & Lizak, LLC
216 W Higgins Road
Park Ridge, Illinois 60068
(847) 698-9600
jsmolka@dimontelaw.com