**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT C. BLOM, | ) | Case No. 21-04328 |
| | ) | Chapter 13 |
| Debtor. | ) | Hon. Donald R. Cassling |

## NOTICE OF MOTION

To:   See attached list

PLEASE TAKE NOTICE that on May 27, 2021, at 10:00 a.m. I will appear before the Honorable Donald R. Cassling, or any judge sitting in is place, and present **Asset Remediation, LLC's Motion for Relief from the Automatic Stay**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance at the courthouse is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 161 414 7941 and the passcode is 619 The meeting ID and passcode can also be found on Judge Cassling's webpage on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Asset Remediation, LLC

By: /s/ Julia Jensen Smolka
    One of its attorneys

Julia Jensen Smolka, #6272466
DiMonte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
Phone: 847-698-9600
Fax: 847-698-9623
Email: jsmolka@dimontelaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of May, 2021, she duly served (or caused to be served) upon the persons on the attached service list, by ordinary First-Class Mail unless such parties were electronically notified, together with a copy of **Asset Remediation, LLC's Motion for Relief from the Automatic Stay**, and this Notice.

By: /s/ Julia Jensen Smolka

**Via ECF**

Patrick S. Layng
United States Trustee, Region 11
219 S. Dearborn Street #873
Chicago, IL  60604

M.O. Marshall
55 E. Monroe Street, Suite 3850
Chicago, Illinois 60603

David M. Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, Illinois 60090

**Via First Class Mail**

Robert C. Blom
425 N. Stephen Drive, Apt. 2
Palatine, Illinois 60067

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT C. BLOM, ) | Case No. 21-04328 |
| ) | Chapter 13 |
| Debtor. ) | Hon. Donald R. Cassling |

**ASSET REMEDIATION, LLC'S MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Creditor, Asset Remediation, LLC as assignee of Sound Royalty, LLC. ("Asset Remediation") by its attorney, Julia Jensen Smolka, request this Court enter an order modifying the automatic stay for a property of Debtor Robert Blom ("Debtor"), and in support thereof, states as follows:

1. On April 1, 2021, Debtor filed a Chapter 13 Bankruptcy.

2. Creditor is a limited liability company. As part of its business, debtor purchases music royalty streams from musical artists.

3. Asset Remediation is the holder of an assignment of music royalty receivable for music that was composed by Debtor. Debtor assigned his property interest in his royalty stream of income on March 6, 2020 in exchange for a lump sum payment. See the attached **Exhibit 1,** the Declaration of Michael D'Amore which describes the transaction and which the agreement is attached.

4. Prior to the Petition Date, unbeknownst to Asset Remediation, Debtor redirected the income stream from his royalties to himself, which was against the agreement and which violated Asset Remediation's property rights.

5. Debtor is then funding his chapter 13 plan with approximately $4,875.00 of funds which are the property of Asset Remediation and not property of the estate. Those monies comprise most of the Debtor's reported monthly income on schedule J.

6. Debtor scheduled Asset Remediation as an unsecured creditor, which it is in fact a secured creditor. Debtor is attempting to lien strip or otherwise change the property rights of Asset Remediation by scheduling and seeking to pay Asset Remediation only 10% of its claim.

7. Prior to the Petition Date, Asset Remediation had pending a lawsuit in the Florida Circuit Court against Debtor. Asset Remediation seeks modification of the automatic stay in order to continue its action and levy its property rights to the music stream.

8. Asset Remediation seeks relief from the automatic stay under *11 U.S.C. § 362(d)(1) and (2)* and request that the Court lift the automatic stay to permit the continuation and conclusion of the action currently pending in the Circuit Court for the County of Palm Beach in the State of Florida entitled *Asset Remediation v. Robert Blom,* Palm Beach County Circuit Court Case No. 50-2021-CA-000966 (the "Blom Circuit Action"). This matter concerns solely state law property claims already pending in the State of Florida.

9. Asset Remediation is entitled to modification of the automatic stay under 11 USC 362(d)(2) because the debtor does not have any equity in the property, and the property is not necessary to an effective reorganization.

10. The subject receivables arising out of Asset Remediation's state law claims against Debtor concern receivables that are not property of the Bankruptcy Estate under 11 U.S.C. Section 544(d). Debtor divested himself of his property rights to them by assigning them and accepting payment of a one-time lump sum amount. As the subject receivables are not property of the Bankruptcy Estate, they are not subject to the automatic stay provisions of 11 U.S.C. §362.

11. The subject royalty receivables validly assigned under state law are not necessary to an effective reorganization, because, among other reasons, "they are not owned by the Debtor or the estate and cannot be used to fund a reorganization. See, *In Re Eggers*, 432 B.R. 577, 3009

5

W.D. Texas, 2010 and authorities cited therein. Accordingly, Movant is entitled to relief from the automatic stay under Section 362(d)(2) of the Bankruptcy Code.

12.     §362(d)(1) states that the court shall grant modification of the stay for cause, including a lack of adequate protection. Asset Remediation is not being adequately protected because Debtor has diverted its property and is attempting to confirm a plan which only seeks to pay it 10%.

13.     Movants would be unfairly prejudiced if relief is not granted for the reasons set forth above; the subject receivables are property of Movants; based upon information and belief, the schedules filed in this case, and Debtor's deliberate diversion of Movant's property held by a third party issuer, Asset Remediation's rights are necessarily jeopardized, as it will not be able to recover its property now and going forward unless it can enforce its state law claims. It is submitted, as with Eggers cited above, it would be inequitable to permit Debtor to retain or receive the royalties/Movant's property, as this would result in unjust enrichment to Debtor for his wrongful conduct.

14.     For the reasons set forth in the Motion for Relief from Automatic Stay and exhibits, cause exists to lift or modify the automatic stay to permit the Florida Circuit Court to complete an adjudication of the Blom Circuit Action and Asset Remediation's enforcement of any judgment or order obtained thereof to conclusion until all its rights and obligations are satisfied.

15.     This Court is authorized to modify the automatic stay pursuant to Bankruptcy Rule 4001(a) and 28 U.S.C. §362(d). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

16.     No cause exists to delay the enforcement and implementation of relief, and Bankruptcy Rule 4001(a)(3) should be waived.

17. Notice of this Motion has been sent to Debtor, his attorney, and the Chapter 13 Trustee.

                      Respectfully submitted,
                      Asset Remediation, LLC

By:   /s/ Julia Jensen Smolka
          _____
          One of its attorneys

Julia Jensen Smolka
ARDC# 6272466
DiMonte & Lizak, LLC
216 W Higgins Road
Park Ridge, Illinois 60068
(847) 698-9600
jsmolka@dimontelaw.com