## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| ROBERT BLOM, | ) | Case No. 21-04328 |
| | ) | |
| Debtor. | ) | Hon. Judge: Cassling |

## NOTICE OF FILING

*The following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
MO Marshall, Chapter 13 Trustee: ecf@55chapter13.com
Julia Jenson Smolka, Esq., Dimonte & Lizak, LLC, attorney for Asset Remediation, LLC: jjensen@dimonteandlizak.com

*The following persons or entities who have been served via first-class U.S. mail:*
Robert Blom, 425 N. Stephen Dr. Apt. 2, Palatine, IL 60067
Asset Remediation, LLC, c/o Cole Schotz, PC, 2255 Glades Road, Suite 142W, Boca Raton, FL 33431

**Please take notice that I have filed the attached Response to Asset Remediation, LLC's Motion for Relief from Stay as to Music Royalties, docket number 20, on June 10, 2021.**

## PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before June 10, 2021, at 5:30 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE: <u>June 10, 2021</u>   /s/ Robert C. Bansfield Jr.
                                        Robert C. Bansfield Jr., A.R.D.C. #6329415

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100
rbansfield@davidmsiegel.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| IN RE: | ) | Chapter 13 |
|---|---|---|
| | ) | |
| ROBERT BLOM, | ) | Case No. 21-04328 |
| | ) | |
| Debtor. | ) | Hon. Judge: Cassling |

**<u>RESPONSE TO ASSET REMEDIATION, LLC'S MOTION FOR RELIEF FROM STAY
AS TO MUSIC ROYALTIES</u>**

NOW COMES the Debtor, **Robert Blom**, by and through her attorneys, David M. Siegel & Assoc., LLC, to respond to the Asset Remediation, LLC's Motion for Relief from Stay as to Music Royalties, and in support thereof states as follows:

**<u>Factual and Procedural Background</u>**

1) Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2) Debtor filed a petition for relief under Chapter 13 of Title 11 USC on April 1, 2021. M.O Marshall was appointed Trustee in this case.

3) Prior to the case, Asset Remediation, LLC filed a state court action against Debtor. The action is current pending in Circuit Court for the County of Palm Beach, Case No. 50-2021-CA-000966 ("Lawsuit").

4) On May 20, 2021, Asset Remediation, LLC ("Creditor") filed a Motion for Relief from Stay as to Music Royalties against the Debtor ("Motion").

5) Debtor respectfully requests that this Court deny Asset Remediation, LLC's Motion for Relief from Stay as to Music Royalties.

**<u>Argument</u>**

**Creditor is not entitled to relief from the automatic stay under 11 U.S.C. §362(d)(1).**

6) 11 U.S.C. §362(d)(1) states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> 11 U.S.C. §362(d)(1).

7) "What constitutes cause under section 362(d)(1) other than lack of adequate protection has been developed on a case-by-case basis." *In re Milne*, 185 B.R. 280, 283 (N.D. Ill. 1995). *See also* Ginsberg, § 3.05f, at 3-69; *Manhattan King David Restaurant, Inc. v. Levine*, 163 B.R. 36, 40 (S.D.N.Y.1993). "While postpetition and postconfirmation conduct can constitute "for cause" grounds for lifting the stay, pre-petition conduct alone is normally not sufficient." *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013) (Barnes, J.). *See also In re Morrow*, 495 B.R. 378 (Bankr.N.D.Ill.2013) (Barnes, J.).

8) While Creditor's motion only mentions lack of adequate protection in the music royalties at issue, it implies cause exists to lift the automatic stay. The action that Creditor is using to justify its Motion is a pre-petition action. Creditor's Motion states that Debtor diverted the music royalty stream from them back to him. However, the motion states Debtor did this before the bankruptcy was filed. Creditor has not alleged any post-petition actions or cause that would justify the lifting of the automatic stay.

9) Also, a breach of an assignment contract is a breach of contract that can be paid in the Debtor's bankruptcy. An assignment of contract rights is a type of contract. *See generally* Restatement (Second) of Contracts §§ 316 and 317 (1981). When Debtor diverted the music royalties, he committed a breach of contract with Creditor. The typical way that a breach of

contract is remedied is by awarding the injured party monetary damages. *See generally* Restatement (Second) of Contracts §345 (1981). Typically, equitable remedies are only for when there are no adequate monetary remedies available. *See generally* Restatement (Second) of Contracts §§345-356 (1981). In fact, "(1) [s]pecific performance or an injunction [for breach of contract] will not be ordered if damages would be adequate to protect the expectation interest of the injured party." Restatement (Second) of Contracts §357 (1981). Creditor's complaint filed with the state court supports that monetary damages are an adequate remedy in this case. The complaint contains a prayer for relief and the civil cover sheet. Each document only asks for monetary damages. See Exhibits A and B. There is no request for an order declaring that the music royalties belong to Creditor and they filed the action as a breach of contract action, not an action for replevin. See Exhibits A and B.

10) This breach of contract claim is a claim that can be paid in Debtor's bankruptcy and Creditor has already filed a secured claim to have that done. Debtor has also filed an amended plan to correct the treatment of Creditor. See docket number 28.

**Creditor is not entitled to relief from the automatic stay under 11 U.S.C. §362(d)(2).**

11) 11 U.S.C. §362(d)(2) states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> …
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—

    (A) the debtor does not have an equity in such property; *and*

    (B) such property is not necessary to an effective reorganization;

 11 U.S.C. §362(d)(2). Emphasis added.

12)  Property is necessary to an effective reorganization if "…"the property will generate income or increase the value of the business and thereby benefit the estate." *In re Kessler*, 86 B.R. 134, 137 (Bankr. C.D. Ill. 1988).

13)  As Creditor's Motion states and as Debtor's Schedule I show, the music royalties that are at issue account for the majority of Debtor's gross income ($6,500.00 of $7,411.00).

14)  It is without question that the music royalties are not only a benefit but extremely necessary to an effective reorganization of Debtor's debts.

15)  Creditor's Motion also alleges that the music royalties are not property of the bankruptcy estate under 11 U.S.C. §544(d) and under *In re Eggers*, 432 B.R. 577 (Bankr. W.D. Tex. 2010). However, there is no 11 U.S.C. §544(d) in existence. This case is also different from *Eggers*. In that case, the debtor was ordered to turn over the music royalties to the creditor pursuant to a judgment and therefore, the royalties were no longer the debtor's royalties. *Id*. at 583. Because of that, the music royalties were not part of the bankruptcy estate. *Id*.

16)  That is not the case here. To date, there has been no judgment entered in Creditor's Lawsuit against Debtor. Debtor still has retained a property interest in his music royalties. The agreement Debtor signed with Creditor gives the Debtor the right to any excess annual income generated by the royalties, allows for an early repurchase option, and the agreement terminates once Creditor receives an agreed upon amount. While the agreement states that this is an assignment and not a loan, this is a loan. The Debtor was given a lump sum of money and has to

pay it back with interest (the "Minimum Income" amount mentioned in the agreement). Creditor has also filed a secured claim for the debt that Debtor owes to them.

17)     For the reasons stated above, Debtor respectfully asks this Court to deny Asset Remediation, LLC's Motion for Relief from Stay as to Music Royalties.

WHEREFORE, the Debtor, **Robert Blom**, prays that the Court deny Asset Remediation, LLC's Motion for Relief from Stay as to Music Royalties and for any other relief that this Honorable Court deems fair and proper.

                                                Respectfully Submitted,

                                                /s/ Robert C. Bansfield Jr.
                                                Robert C. Bansfield Jr., A.R.D.C. #6329415
                                                Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100
rbansfield@davidmsiegel.com