**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT C. BLOM, | ) | Case No. 21-04328 |
| | ) | Chapter 13 |
| Debtor. | ) | Hon. Donald R. Cassling |

**ASSET REMEDIATION, LLC'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES Asset Remediation, LLC as assignee of Sound Royalty, LLC. ("Asset Remediation") by their attorneys, Julia Jensen Smolka of DiMonte & Lizak, LLC, and replies in support for their Motion for Relief from the Automatic Stay, as follows:

1. Asset Remediation has a state law property claim. Debtor does not dispute this. Debtor does not dispute any facts in the motion. Asset Remediation seeks relief from the automatic stay to permit the continuation and conclusion of the Blom Circuit Action. This matter concerns solely state law claims already pending in the State of Florida. There is no judgment yet in the Blom Circuit Action. Asset Remediation, if the stay is modified, would amend its complaint to seek a declaratory judgment action that the royalty revenue stream is Asset's property. It is not merely a breach of contract claim.

2. Debtor does not dispute that it diverted the property stream, that belonged to Asset Remediation, to himself. He committed theft of property. Florida law controls on who is entitled to the revenue stream asset. The stay should be modified to allow the Florida court to decide that issue.

3. Asset Remediation has met its burden on cause and lack of adequate protection. Even thought Debtor committed his theft action pre-petition, the Debtor continues to divert funds

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT C. BLOM, | ) | Case No. 21-04328 |
| | ) | Chapter 13 |
| Debtor. | ) | Hon. Donald R. Cassling |

**ASSET REMEDIATION, LLC'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES Asset Remediation, LLC as assignee of Sound Royalty, LLC. ("Asset Remediation") by their attorneys, Julia Jensen Smolka of DiMonte & Lizak, LLC, and replies in support for their Motion for Relief from the Automatic Stay, as follows:

1. Asset Remediation has a state law property claim. Debtor does not dispute this. Debtor does not dispute any facts in the motion. Asset Remediation seeks relief from the automatic stay to permit the continuation and conclusion of the Blom Circuit Action. This matter concerns solely state law claims already pending in the State of Florida. There is no judgment yet in the Blom Circuit Action. Asset Remediation, if the stay is modified, would amend its complaint to seek a declaratory judgment action that the royalty revenue stream is Asset's property. It is not merely a breach of contract claim.

2. Debtor does not dispute that it diverted the property stream, that belonged to Asset Remediation, to himself. He committed theft of property. Florida law controls on who is entitled to the revenue stream asset. The stay should be modified to allow the Florida court to decide that issue.

3. Asset Remediation has met its burden on cause and lack of adequate protection. Even thought Debtor committed his theft action pre-petition, the Debtor continues to divert funds

each quarter when the revenue payments are made by the record company, and he is using the stolen property to fund his plan.  The next quarterly payment will be made June 30, 2021.  It will continue each quarter, and Asset Remediation will be harmed each quarter.  Cause exists and continues to exist warranting the modification of the stay.

4. Debtor argues that since the Blom Circuit Action case has not gone to judgment, that the *Eggers* case done not apply.  That does not make sense, as the royalty assignment was already in place and existed pre-petition.  No judgment was needed.  But for Debtor's bad acts, regardless of the bankruptcy, Asset Remediation would have received the royalty stream throughout the bankruptcy, regardless of the stay.  Debtor does not dispute that the royalty agreement validly assigned the royalties under Florida law.  Royalties are property, and that property belongs to Asset Remediation.  If Debtor disputes whether the royalties were properly assigned, a dispute exists that should be decided by Florida law.

5. Since the subject receivables are not property of the Bankruptcy Estate, they are not subject to the automatic stay provisions of 11 U.S.C. §362.  Bankruptcy courts have already held that subject royalty receivables validly assigned under state law are not necessary to an effective reorganization, because, among other reasons, "they are not owned by the Debtor or the estate and cannot be used to fund a reorganization. See, *In Re Eggers*, 3009 U.S. Bankr.Ct.Motions LEXIS 9432 and authorities cited therein.

6. Debtor's amended plan (doc 28) does not fix this situation.  Debtor proposes to pay Asset Remediation 100% of $16,250.  Debtor pulls the secured claim's value at $16,250.00 out of the sky.  It is based on nothing.  Debtor's own schedule I and amended plan illustrate that the value is false because Debtor's plan and the response filed to this motion states the music royalties account for a majority of his income at $6,500.00 per month.  So, over 60 months, Debtor projects

that gross income to be $390,000. So how can Asset Remediations' claim be only worth $16,250.00, when Debtor assigned 48 months of that income stream to Asset Remediation. Using Debtor's own numbers, the value should be 48x $6,500 = $312,000. Asset Remediations' claim should be paid in full, not to $16,250.00.

7. Debtor is not a newbie when it comes to these types of agreements. In fact, Debtor has entered into at least three previous assignment agreements – one on December 20, 2016, one on April 10, 2018 and one on August 2, 2019. They are attached to Michael Damore's Declaration Exhibit A. Each of these assignment agreements were completed by Debtor without incident. So, Debtor is aware of how these agreements work, and his royalties cannot possibly be that speculative if he can enter into three of these agreements and complete them each successfully.

WHEREFORE, for the reasons set forth in the Brief and Reply in Support of Motion for Relief from Automatic Stay, Asset Remediation respectfully requests that this Court (a) grant their Motion for Relief from Automatic Stay to permit the completion of the Blom Circuit Action and to enforce any said Judgment or Order arising thereof until all of Asset Remediation's rights and claims against Debtor are satisfied in full, (b) order that the results of the Blom Circuit Action become binding in these proceedings, (c) eliminate the 10-day stay under Fed. R. Bankr. P. 4001(a)(3) and (d) grant such other relief as is just and equitable.

ASSET REMEDIATION, LLC

By: /s/ Julia Jensen Smolka
_____
One of its attorneys

Julia Jensen Smolka
ARDC# 6272466
DiMonte & Lizak, LLC
216 W Higgins Road
Park Ridge, Illinois 60068
(847) 698-9600
jsmolka@dimontelaw.com