# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 21-04328 |
| ROBERT C. BLOM, | ) | |
| | ) | Chapter 13 |
| Debtor, | ) | |
| | ) | Honorable Donald R. Cassling |
| _____ | ) | _____ |
| | ) | |
| ASSET REMEDIATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT C. BLOM, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a), TO ENFORCE PROPERTY RIGHTS AND FOR TURNOVER**

Asset Remediation, LLC, by and through its attorney Julia Jensen Smolka, hereby complains of the Defendant and says:

## BACKGROUND AND JURISDICTION

1. On April 1, 2021, Defendant filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code.

2. Plaintiff's complaint seeks a judgment excepting from discharge a certain debt due from the Defendant to the Plaintiff consistent with the provisions of 11 U.S.C. § 523(a).

3. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 157 and 28 U.S.C. § 1334.

4. This cause of action is an adversary proceeding being filed consistent with the provisions of Federal Rule of Procedure 7001.

5. On or about March 6, 2020, Sound Royalties, LLC ("Sound Royalties") and Blom entered into a Royalty Assignment Agreement (the "Agreement"), pursuant to which Blom assigned to Sound Royalties, in consideration for the sum set forth in that Agreement, "all of [Blom's] right to receive all payments, including any advances or loans, derived solely from the master recordings ('Masters') (collectively, the 'Assigned Royalties') (defined below) paid by [Blom's] Payment Issuer up to the Minimum Income set forth on Exhibit 1 (collectively the 'Assigned Royalties'). . . ." Defendant had completed three prior, similar assignments with Plaintiff.

6. A copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by reference. Florida law governs the Agreement by consent of all parties.

7. Exhibit 1 sets forth the Minimum Income/Assigned Royalties referenced in Paragraph 5. above, broken down over four (4) years.

8. The total amount of the Assigned Royalties is and was $131,316.73.

9. Blom's Payment Issuer, as referenced in Paragraph 5. above, is Sound Exchange ("Sound Exchange").

10. In Paragraph 5.a. of the Agreement, Blom represented, in part, the following:

> Until the Termination Date, Assignor covenants and agrees that Assignor: (i) will not voluntarily terminate Assignor's affiliation or membership agreements with Assignor's Payment Issuer ("Assignor's Affiliation Agreements"); (ii) will use Assignor's best efforts to avoid any involuntary termination of Assignor's Affiliation Agreements; (iii) will use Assignor's best efforts to prevent any of the representations or the warranties made by the Assignor hereunder to become untrue or inaccurate in any respect; (iv) shall not accept any advances or take any action that would diminish the Assigned Royalties payable to Assignee; and (v) will register with Assignor's Payment Issuer each and every Composition which, prior to the Termination Date, is commercially exploited or is approved for or licensed for

commercial exploitation. . . .

11. In Paragraph 5.b. of the Agreement, Blom further represented, in part, as follows:

> Without limiting the generality of the foregoing, Assignor agrees that Assignor shall not, prior to the Termination Date, attempt to re-register, remove, move, re-direct or disassociate (each a "change") all or any of the Master Recordings from Assignor's Payment Issuer or any other organization or entity paying Assigned Royalties to Assignee. . . .

12. In reliance on the representations made by Blom in the Agreement, including the representations described in Paragraphs 10. and 11. above, Sound Royalties did enter into the Agreement and paid to Blom, pursuant to the Agreement, the sum of $68,654.83 less a closing fee of $1,514.60 (the "Purchase Price").

13. After Sound Royalties had been paid/collected $21,513.50 in Assigned Royalties under the Agreement, Blom diverted the remaining Assigned Royalties from Sound Royalties, leaving a balance in Assigned Royalties, not received by Sound Royalties, of $109,803.23.

14. Pursuant to Paragraph 8. of the Agreement, Sound Royalties assigned to SR Funding, LLC ("SR") all of its right, title and interest in the Assigned Royalties, and SR, in turn, then assigned to Plaintiff (the "Assignment") "all of [SR's] right, title and interest in and to that certain Royalty Assignment Agreement dated March 6, 2020 (the 'Purchase Agreement') between Sound Royalties, LLC and Robert Blom ('Assignor') pursuant to which Assignor sold, transferred and assigned all of Assignor's right, title, and interest in and to certain music royalty payments payable to Sound Royalties, LLC, as well as any and all claims that Sound Royalties, LLC has or may have against Assignor as a result of the Purchase Price paid to Assignor by Sound Royalties, LLC under the Purchase Agreement."

15. A copy of the above-referenced Assignments is attached hereto as **Composite Exhibit B** and incorporated herein by reference.

16. Plaintiff has been compelled to institute the above-entitled litigation against Blom, has retained the undersigned counsel to prosecute this action, and has incurred and will incur attorney's fees and costs relative to the prosecution thereof.

17. Defendant deliberately, knowingly, willfully and maliciously instructed and took unilateral action re-directing Plaintiff's property to Defendant, in contravention of Plaintiff's rights under the Assignments, in contravention of Defendant's written and other representations not to jeopardize and undermine Plaintiff's property rights, all to the sole detriment of Plaintiff.

18. All conditions precedent to the bringing of this action have occurred, been waived or have been otherwise satisfied.

## COUNT I: EXCEPTION TO DISCHARGE

19. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 18 as if more fully set forth at length herein.

20. Defendant's acts in contravening Plaintiff's rights under its Assignments and deliberately diverting and withholding Plaintiff's property was willful and malicious and caused injury to the Plaintiff.

21. A debt for willful and malicious injury by debtor to another entity or to the property of another entity is not to be discharged pursuant to the provisions of 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiff demands judgment against the Defendant in the amount of $109,803.23 together with interest at the contract rate per annum from the date funds were received by the Defendant to the date of filing of the within bankruptcy petition or the maximum allowed by law, together with such other relief as the Court deems just and proper. Said debt should not be discharged under 11 U.S.C. § 523(a)(6).

## COUNT II: CONVERSION

22. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

23. Defendant has exercised unlawful dominion and control over Plaintiff's unique property and the proceeds thereof.

24. Defendant's actions are intentional and willful.

25. Plaintiff has demanded return of its property to no avail.

26. Defendant has caused prejudice and injury to Plaintiff through his conduct.

27. As a result, Defendant has committed conversion.

28. This debt should not receive a discharge of this debt because he committed theft and larceny and is not to be discharged pursuant to the provisions of 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff demands judgment against the Defendant in the amount of $109,803.23 together with interest at the contract rate per annum from the date funds were received by the Defendant to the date of filing of the within bankruptcy petition or the maximum allowed by law, together with such other relief as the Court deems just and proper. Said debt should not be discharged under 11 U.S.C. § 523(a)(4).

## COUNT III: TURNOVER SECTION 542

29. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. A portion of the afore-said Royalties are/may property of the debtor estate pursuant to Section 541 of the Bankruptcy Code.

31. Defendant is obligated pursuant to section 542(a) of the Bankruptcy Code to turn over possession of Plaintiff's property.

WHEREFORE, Plaintiff, ASSET REMEDIATION, LLC, demands judgment against the Defendant, ROBERT C. BLOM, for turnover of all of Plaintiff's property and proceeds thereof and such other and further relief the Court deems just and proper.

## COUNT IV: TURNOVER SECTION 550

32. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Plaintiff is entitled to recover the Inventory or its value from Defendant 11 U.S.C. § 550.

WHEREFORE, Plaintiff demands judgment as follows:

1. Ordering the defendant to turnover the Debtor's property; or, in the alternative, entering judgment against Defendant for the value of Plaintiff's property

2. Counsel fees; and

3. Such other and further relief the Court deems just and proper.

                Respectfully submitted,

                Asset Remediation, LLC

By:   /s/ Julia Jensen Smolka
        One of its Attorneys

Julia Jensen Smolka, ARDC# 6272466
DiMonte & Lizak, LLC
216 W Higgins Road
Park Ridge, Illinois 60068
Phone:(847) 698-9600
Email: jsmolka@dimontelaw.com